```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Michael Stephen Levinson**

    **v.**
Civil No. 11-cv-589-PB

**New Hampshire Public Television et al.**


**O R D E R**

Before the court is a request for the convening of a three-judge panel, set forth in the complaint (Doc. No. 1), filed by pro se plaintiff Michael Stephen Levinson.  Levinson has also filed a "Motion for Temporary Injunction Enjoining State of New Hampshire Secretary of State William Gardner from Conducting U.S. Presidential Primary, To Be Held January 10, 2012 Until Such Time as This Docketed Case Is Heard" (Doc. No. 3).

I.   Request for Three Judge Panel

28 U.S.C. § 2284(a) states that a "district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of any congressional districts or . . . statewide legislative body."  Id. § 2284(a). A single judge to whom a request for a three judge panel is

presented must rule on whether the matter is properly assigned to three judges before notifying the chief judge of the circuit regarding the request.  See 28 U.S.C. § 2284(b)(1); see also Tyree v. Massachusetts, No. 06-10232-MLW, 2008 WL 427293, *4 (D. Mass. Feb. 17, 2008).

Levinson asserts that his claim challenging the constitutionality of an amendment to 47 U.S.C. § 312(a)(7), enacted in 2000, provides grounds for convening a three-judge panel.[1]  Specifically, Levinson cites a provision of the appropriations legislation that enacted the pertinent amendment as authority for convening a three-judge court to hear his claims.  The cited session law, see Pub. L. No. 106-554, § 1(a)(4) [Div. B, Title XVII, § 1741], 114 Stat. 2763A-351 - 352A, is inapposite to Levinson's claims, however; it authorizes a court of three judges to hear constitutional challenges to amendments and laws enacted under a different title, namely,

---

[1]   The amendment at issue, codified at 47 U.S.C. § 312(a)(7), exempted noncommercial educational broadcasters from a statutory provision authorizing the Federal Communications Commission to revoke a broadcaster's license for failing to provide certain candidates with reasonable access to airtime to promote their candidacy.  See id.  The amendment was enacted as part of Title I of Division B of Public Law 106-554, § 1(a)(4) [Div. B, Title I, § 148], 114 Stat. 2763A-251, 2000 U.S.C.C.A.N. (114 Stat. 2763A) 251.

Title XVII, the Children's Internet Protection Act, Pub. L. No. 106-554, § 1(a)(4) [Div. B, Title XVII, §§ 1701-1741], 114 Stat. 2763, 2763A-335, 2000 U.S.C.C.A.N. (114 Stat. 2763A) 335. Levinson is not challenging any portion of the Children's Internet Protection Act; nor is he asserting any other claim in this action that Congress has required to be heard by a court of three judges.  Accordingly, Levinson's request for a three judge panel is denied.

II.  Referral of Preliminary Injunction Motion

In accordance with 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Landya B. McCafferty is designated to review and consider the request for injunctive relief, and, if necessary, conduct a hearing on the matter.  In accordance with subparagraph (C), the Magistrate Judge shall file her proposed findings and recommendations under subparagraph (B) with the Court, and a copy shall forthwith be mailed to all parties.

CONCLUSION

As set forth above, the request for a three judge panel is denied, and the motion for a preliminary injunction (Doc. No. 3) is referred to Magistrate Judge McCafferty for a Report and

Recommendation.

**SO ORDERED.**

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 9, 2012

cc: Michael Stephen Levinson, pro se