UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Michael Stephen Levinson

   v.                                Civil No. 11-cv-589-PB

New Hampshire Public Television et al.


## REPORT AND RECOMMENDATION


Before the court is the "Motion for Temporary Injunction
Enjoining State of New Hampshire Secretary of State William
Gardner from Conducting U.S. Presidential Primary, To Be Held
January 10, 2012 Until Such Time as This Docketed Case Is Heard"
(doc. no. 3), filed by pro se plaintiff Michael Stephen
Levinson.  Levinson asserts that he is a presidential candidate,
and that unless the primary is postponed, his claims will not be
resolved in time to allow New Hampshire voters the opportunity
to hear him present his views on television and to show the
nation "how to use a write-in ballot" in voting for him.  Id.

In this lawsuit, Levinson alleges that, in reliance upon a
statutory exemption that Levinson asserts is unconstitutional,
47 U.S.C. § 312(a)(7), defendant New Hampshire Public Television
("NHPTV") improperly denied Levinson's 2011 requests for

"reasonable access" to airtime to present his political views,[1]

and that other defendant broadcasters failed to grant him an

"equal opportunity," pursuant to 47 U.S.C. § 315(a), to televise

his views after the local stations and CNN broadcast a debate in

June 2011, after those stations broadcast a speech delivered in

September 2011 by President Obama, and after Levinson

specifically asked for airtime in December 2011.[2]  Levinson has

---

[1] The "reasonable access provision" at issue in 47 U.S.C.
§ 312(a)(7) states as follows:

(a) The [FCC] may revoke any station license . . .
. . . .
(7) for willful and repeated failure to allow
reasonable access to or to permit purchase of
reasonable amounts of time for the use of a
broadcasting station, other than a noncommercial
educational broadcast station, by a legally qualified
candidate for Federal elective office on behalf of his
candidacy.

(emphasis added).

[2] The "equal opportunity" provision of 47 U.S.C. § 315(a)
states, in pertinent part:

If any licensee shall permit any person who is a legally
qualified candidate for any public office to use a
broadcasting station, he shall afford equal opportunities
to all other such candidates for that office in the use of
such broadcasting station . . . . Appearance by a legally
qualified candidate on any –
(1) bona fide newscast
(2) bona fide news interview
(3) bona fide news documentary . . . or
(4) on-the-spot coverage of bona fide news events
(including but not limited to political conventions
and activities incidental thereto),
shall not be deemed to be use of a broadcasting station
within the meaning of this subsection. . . .

named the Federal Communications Commission ("FCC"), the Public Broadcasting System ("PBS"), NHPTV, the Cable News Network ("CNN"), and two stations based in New Hampshire, WMUR-TV and WBIN-TV, as defendants.

In his motion for injunctive relief (doc. no. 3), Levinson seeks an injunction directing a third party, New Hampshire Secretary of State William Gardner, to postpone the New Hampshire primary, so that this action may be resolved and Levinson allowed to present his views on TV, prior to the New Hampshire primary.[3]  The district judge has referred the pending motion to the magistrate judge for proposed findings of fact and a recommendation regarding its disposition.  See Order (doc. no. 4).

## Discussion

I.   Standard of Review

To obtain preliminary injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

---

[3]Because the court recommends denial of this motion on its substance, the court takes no position at this time as to plaintiff's ability to enjoin a non-party, the New Hampshire Secretary of State, in this action.

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).
The burden of proof on a motion for preliminary injunction is on
the movant.  See Esso Standard Oil Co. v. Monroig-Zayas, 445
F.3d 13, 18 (1st Cir. 2006).  "'Perhaps the single most
important prerequisite for the issuance of a preliminary
injunction is a demonstration that if it is not granted the
applicant is likely to suffer irreparable harm before a decision
on the merits can be rendered.'"  Voice of the Arab World, Inc.
v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)
(quoting 11A Wright & Miller, Fed. Pract. & Proc. § 2948.1, at
139).

II.  Irreparable Harm

        Here, Levinson has failed to show that he will suffer
irreparable harm if the primary is held on January 10, 2012.
Although Levinson contends that New Hampshire voters will suffer
"irreparable harm" if the primary occurs before NHPTV broadcasts
his views, in that voters will not have an opportunity to hear
his views on public television prior to going to the polls, he
concedes that he will not suffer such harm if the motion is not
granted:  "In the event this Motion is denied, plaintiff will
not be irreparably harmed, as he will speak nationwide after the
New Hampshire primary is held."  Plf.'s Mot. for TRO (doc. no.
3).

                                  4

The interests of third parties and the public at large may be relevant in determining if an injunction should issue, but to obtain injunctive relief, plaintiff show that he himself will suffer irreparable harm:  "the issuance of a preliminary injunction requires a showing of irreparable harm to the movant rather than to one or more third parties."  CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 622 (1st Cir. 1995) (emphasis in original).  Levinson has failed to show that he is at risk of irreparable harm, and as a pro se party, Levinson is not generally permitted to raise the claims or represent the interests of third parties.  See Simon v. Hartford Life Ins. Co., 546 F.3d 661, 665 (9th Cir. 2008) (in cases "brought by a pro se litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced'" (citations omitted)).

Levinson's proposed injunction -- postponing the primary so that NHPTV might broadcast his views so that New Hampshire voters will have that information before they go to the polls -- should not be issued for the further reason that it is not tailored to prevent, or redress, any harm, because even if the primary were delayed, as explained below, the stations would not be compelled to broadcast Levinson's views in the interim. Given Levinson's concession regarding the lack of irreparable harm to him, and the absence of any showing that the proposed

injunction would prevent irreparable harm, the motion should be
denied on the papers.

III. Likelihood of Success on the Merits

Levinson has failed to show that he is likely to succeed on
the merits in this case, as to the only claims asserted in this
action that this court can identify in Levinson's complaint
(doc. no. 1) and the instant motion (doc. no. 3)[4]:  a First
Amendment claim regarding NHPTV and 47 U.S.C. § 312(a)(7), and a
statutory claim against defendants, including WMUR-TV and CNN,
asserting that those broadcasters violated Levinson's rights
under 47 U.S.C. § 315(a), by failing to grant his request for an
equal opportunity to present his views, following a June 2011
debate, the broadcast of a speech delivered by President Obama

---

[4] Levinson's complaint is more than 500 pages long (doc. no.
1), and is accompanied by volumes of exhibits.  Levinson's
prolix complaint reproduces almost verbatim a pleading filed on
the same date in federal court in the Middle District of
Florida, see Levinson v. WEDU-TV, No. 8:11-cv-02839-JDW-EAJ
(M.D. Fla. complaint filed Dec. 23, 2011).  That complaint names
the major national networks as defendants, as well as Iowa
Public Television and another station, without naming or
apparently intending to assert claims against NHPTV, WMUR, and
WBIN.  A magistrate judge in Florida has issued a report and
recommendation, finding that complaint to be frivolous and
subject to dismissal for violating Fed. R. Civ. P. 8(a).  See
Levinson (M.D. Fla. report and recommendation issued Dec. 29,
2011) (doc. no. 4).

in September 2011, and Levinson's December 2011 request for airtime.[5]

    A.   <u>NHPTV</u>

As to NHPTV, Levinson alleges that his First Amendment rights were violated when that station relied on its exemption under 47 U.S.C. § 312(7)(a) in denying Levinson's request for reasonable access to airtime in 2011.  Section 312(7)(a) exempts noncommercial educational broadcasters like NHPTV from being subject to the FCC's authority to revoke a license where a station has denied a candidate reasonable access to airtime or an ability to purchase reasonable amounts of air time.  The Supreme Court has construed that provision, as administered through FCC rules, as creating a limited, statutory right of access to airtime for certain candidates.  See <u>CBS, Inc. v. FCC</u>, 453 U.S. 367, 396-97 (1981).

The statute, prior to December 2000, did not specifically exempt public broadcasters like NHPTV.  Congress amended the statute in 2000, however, to exempt noncommercial educational stations, and in doing so, effectively limited the scope of the

---

[5] The claims identified herein shall be construed to be the claims asserted in this action.  If Levinson disagrees with this characterization of his claims, he must file a timely objection to this report and recommendation, or move properly to amend his complaint.  Any proposed complaint amendment must comply with Fed. R. Civ. P. 8(a), and include a "short and plain" statement of Levinson's claims.

statutory right of access established in the statute, to that available from nonexempt broadcast stations.

In order to state a First Amendment claim with respect to a request for reasonable access, Levinson must first demonstrate that he has a First Amendment right to broadcast his views on a noncommercial educational television station, such as NHPTV, and not just a statutory right as to other types of stations that charge for airtime.  The Supreme Court has indicated, however, that the First Amendment does not generally provide citizens, including candidates, with a right to broadcast their ideas on public television stations.  Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 675 (1998) (hereinafter "AETC") ("in most cases, the First Amendment of its own force does not compel public broadcasters to allow third parties access to their programming").  The Supreme Court has declined to extend the First Amendment "public forum" doctrine into the regulated field of broadcasting, to avoid "a further erosion of the journalistic discretion of broadcasters," and to avoid "transferring control over the treatment of public issues from the licensees who are accountable for broadcast performance to private individuals who bring suit under our [public] forum precedents."  Id. (internal quotation marks and citations omitted).

In AETC, 523 U.S. at 682-83, the Supreme Court carved out a "narrow" exception to the rule against applying First Amendment

"public forum" precedents to public broadcasting, in the context
of state-sponsored candidate debates:  if a state-owned public
television station sponsors a candidate debate, it cannot engage
in viewpoint discrimination in excluding a candidate.  See id.
(candidate debate sponsored by state-owned television station
constituted "nonpublic forum," and exclusion of candidate would
be consistent with First Amendment if it was reasonable,
viewpoint neutral exercise of journalistic discretion).
Plaintiff points to no instance, and this court finds none,
where a court has extended that narrow exception to cover
requests for access apart from candidate debates.

     Here, Levinson's exhibits filed with the complaint indicate
that NHPTV has not sponsored any candidate debate during the
relevant time period.  Furthermore, Levinson has failed to show
that the content of his views played any part in NHPTV's
decisions to deny his requests for airtime.  Accordingly,
Levinson has not shown that he has a substantial likelihood of
prevailing on the merits of any First Amendment claim as to
either NHPTV, or NHPTV's application of the exemption in 47
U.S.C. § 312(a)(7) to Levinson's request for airtime.

     B.   Remaining Claims

     Levinson is also unlikely to prevail on his claims against
the remaining defendant broadcasters, which he contends failed

to grant him an opportunity to present his political views. Levinson's claim is that defendants violated 47 U.S.C. § 315(a) in failing to provide him with an "equal opportunity" to present his political views on the air.

Section 315(a) requires licensed broadcasters to provide all candidates for public office with an equal opportunity to "use" their stations if any other candidate is allowed to do so. Id. The "equal opportunity" provision is subject to a number of exceptions that do not trigger that right to equal access, including "on-the-spot coverage of bona fide news events."  Id.

The exhibits filed by Levinson suggest that certain defendants may have characterized the September 2011 broadcast of the President's speech as "on-the-spot coverage" of a "bona fide news event[]."  Levinson disputes that characterization in his preliminary injunction motion.  The court need not resolve that dispute at this time, however, to determine that Levinson has failed to show a likelihood of success on the merits.

Section 315(a) provides no private right of action to enforce the "equal opportunity" provision.  See Forbes v. Ark. Educ. Television Commc'n Network Found., 22 F.3d 1423, 1427 (8th Cir. 1994).  Levinson's remedy for a broadcaster's failure to provide him with access to air time is to file a claim with the FCC, and he must exhaust his administrative remedies there before filing an action in court.  See id.  Levinson has not

demonstrated that he has exhausted his administrative remedies as to the relevant requests, and for that reason, Levinson has not demonstrated that he is likely to succeed on his remaining statutory claims.

Levinson has failed to show that he is substantially likely to prevail on the merits of any claim asserted in this action. Accordingly, the court should deny the motion for a preliminary injunction (doc. no. 3).

### Conclusion

The court proposes that the district judge enter findings consistent with this report, and further recommends that the district judge deny the motion for a preliminary injunction (doc. no. 3) on the papers. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011) (citing United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008)); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's

report are subject to review by district court; issues not
preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 9, 2012

cc:  Michael Stephen Levinson, pro se

LBM:nmd