**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Stephen Levinson

    v.                              Civil No. 11-cv-589-PB

New Hampshire Public Television et al.

**REPORT AND RECOMMENDATION**

    Before the court is a complaint (doc. no. 1), with
exhibits, filed by pro se plaintiff Michael Stephen Levinson.
Levinson asserts that he is a presidential candidate, and he has
named as defendants the Federal Communications Commission
("FCC"), the Public Broadcasting System ("PBS"), New Hampshire
Public Television ("NHPTV"), the Cable News Network ("CNN"), and
two commercial television stations, WMUR-TV and WBIN-TV.
Because Levinson is proceeding pro se and in forma pauperis, the
matter is before the court for preliminary review.  See 28
U.S.C. § 1915(e)(2); United States District Court District of
New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Standard of Review**

    Under LR 4.3(d)(1)(B), when a plaintiff commences an action
pro se and in forma pauperis, the magistrate judge conducts a
preliminary review.  The magistrate judge may issue a report and

recommendation after the initial review, recommending that the complaint be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See LR 4.3(d)(1)(B) (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)).  In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact

or threadbare recitals of the elements of a cause of action."
Ocasio-Hernández, 640 F.3d at 12 (citations, internal quotation
marks and alterations omitted).  The second part of the test
requires the court to treat as true all non-conclusory factual
allegations, even if "seemingly incredible," and to consider
those allegations along with all reasonable inferences drawn
therefrom construed in plaintiff's favor, in determining if the
claim is plausible.  Id.

The plausibility requirement "simply calls for enough fact
to raise a reasonable expectation that discovery will reveal
evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 556 (2007).  The "make-or-break standard" is that
those allegations and inferences, taken as true, "must state a
plausible, not a merely conceivable, case for relief."
Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir.
2010); see Twombly, 550 U.S. at 555 ("Factual allegations must
be enough to raise a right to relief above the speculative
level, on the assumption that all the allegations in the
complaint are true (even if doubtful in fact)." (internal
citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-
specific task that requires the reviewing court to draw on its

judicial experience and common sense."  Iqbal, 129 S. Ct. at

1950 (citation omitted).  In doing so, the court may not

disregard properly pleaded factual allegations or "attempt to

forecast a plaintiff's likelihood of success on the merits."

Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses

on the reasonableness of the inference of liability that the

plaintiff is asking the court to draw from the facts alleged in

the complaint."  Id.

## Background[1]

Levinson's complaint (doc. no. 1) is more than 500 pages

long, and is accompanied by volumes of exhibits.[2]  After wading

through the prolixity in Levinson's initial filings, and after

---

[1]The claims, as identified herein, will be considered for
all purposes to be the claims asserted in the complaint.  If
Levinson disagrees with this identification of the claims, he
must do so by properly objecting to this report and
recommendation or moving to amend his complaint.  Any proposed
complaint amendment must comply with Fed. R. Civ. P. 8(a), and
include a "short and plain" statement of Levinson's claims.

[2]Levinson's prolix complaint reproduces almost verbatim a
pleading filed in federal court in the Middle District of
Florida against a different set of defendants, see Levinson  v.
WEDU-TV, No. 8:11-cv-02839-JDW-EAJ (M.D. Fla. filed Dec. 23,
2011).  That court denied Levinson's in forma pauperis motion on
the basis that the complaint was frivolous and granted Levinson
leave to file an amended complaint.  See id. (Jan. 17, 2012,
order approving report and recommendation).  Since that time,
Levinson has filed an amended complaint and an amended motion
for leave to proceed in forma pauperis, and the case remains
pending in the Middle District of Florida.

liberally construing the portions of those filings that appear
to assert claims against the defendants named in this lawsuit,
the court sets forth below a summary of the factual allegations
asserted by Levinson, to provide a context for his statutory and
constitutional claims.

Levinson is a presidential candidate whose name appears on
the ballot in a number of states.  Levinson has run unsuccessful
presidential campaigns in prior years and is familiar with the
laws granting candidates access to airtime.  In 1988, NHPTV
granted Levinson's request to broadcast his views.

In 2011, Levinson sent letters to various broadcasters,
including NHPTV, seeking free airtime to present his political
views.  In reliance upon a statutory exemption for public
broadcasters, enacted in 2000, 47 U.S.C. § 312(a)(7), NHPTV
denied Levinson's request for "reasonable access" to airtime to
present his political views.  Other defendant broadcasters
declined to grant Levinson an opportunity to televise his views
or failed to respond to Levinson's requests.  These declinations
or failures to respond occurred following a Republican
candidates' debate aired in June 2011, after a speech delivered
by President Obama in September 2011, and after Levinson asked
for airtime in December 2011.

Levinson claims in this action that NHPTV has violated his right to reasonable access to broadcast time, under 47 U.S.C. § 312(a).  He further alleges that the statutory exemption for public educational broadcasters, set forth in 47 U.S.C. § 312(a)(7), violated his First Amendment rights by effectively denying him a right to demand airtime on a public television station.  Levinson also claims that the defendant broadcasters and PBS violated his rights under 47 U.S.C. § 315(a), by failing to provide him with an opportunity to broadcast his views after broadcasting statements from other candidates, including President Obama, in 2011.

Levinson filed a motion for a preliminary injunction (doc. no. 3) in this case.  The court denied the motion on February 2, 2012, because Levinson had failed to show both irreparable harm and a likelihood of success on the merits of his claims.  See Order (doc. no. 8) (denying motion for preliminary injunction and approving report and recommendation for reasons stated therein).

**Discussion**

I.   NHPTV and Section 312(a)(7)

As to NHPTV, Levinson alleges that his First Amendment rights were violated when that station relied on an exemption in

47 U.S.C. § 312(a)(7) to deny his requests for reasonable access to airtime in 2011.  The "reasonable access provision" at issue, 47 U.S.C. § 312(a)(7), states that the FCC may revoke any station license:

> for willful and repeated failure to allow reasonable access to or to permit purchase of reasonable amounts of time for the use of a broadcasting station, other than a noncommercial educational broadcast station, by a legally qualified candidate for Federal elective office on behalf of his candidacy.

Id.  Section 312(a)(7), as administered through FCC rules, enhances the ability of certain candidates to broadcast their platforms by providing them with a "statutory right of access." CBS, Inc. v. FCC, 453 U.S. 367, 397 (1981).  "Section 312(a)(7) creates a limited right to 'reasonable' access that pertains only to legally qualified federal candidates and may be invoked by them only for the purpose of advancing their candidacies once a campaign has commenced."  Id. at 396 (emphasis in original).

Prior to December 2000, the statute did not contain a specific exemption for public television stations like NHPTV. Congress amended the statute in 2000, however, to exempt noncommercial educational stations, and in doing so, effectively limited the scope of candidates' statutory right of access to airtime.

In order to state a First Amendment claim with respect to a request for reasonable access to airtime on NHPTV, Levinson must demonstrate that he has a First Amendment right to broadcast his views on public television, and not just a statutory right limited by section 312(a)(7).  The Supreme Court has indicated, however, that the First Amendment does not provide citizens with a general right of access to airtime for citizens, including candidates, to broadcast their ideas on public television stations.  Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 675 (1998) ("in most cases, the First Amendment of its own force does not compel public broadcasters to allow third parties access to their programming").  The only exception to that rule, recognized by the courts, is that a public television station sponsoring a candidate debate cannot engage in viewpoint discrimination when excluding a candidate from participating in a debate.  See id. at 682-83.

Plaintiff points to no instance, and this court finds none, where a court has extended that narrow exception to cover requests for access to public television apart from candidate debates.  Here, Levinson has filed exhibits showing that NHPTV did not sponsor any debates during the relevant time period. Furthermore, Levinson has failed to allege any facts suggesting

that the content of his views played any part in NHPTV's denial

of his requests for airtime.  Accordingly, Levinson has failed

to state any First Amendment claim as to either NHPTV, or

NHPTV's application of the exemption in 47 U.S.C. § 312(a)(7),

with respect to Levinson's request for airtime.

II.   Remaining Claims

    A.   Section 315(a)

Levinson's claim as to the commercial broadcasters and PBS

is that they violated 47 U.S.C. § 315(a) in failing to provide

him with an "equal opportunity" to present his political views

on the air.  The "equal opportunity" provision of 47 U.S.C.

§ 315(a) states, in pertinent part:

> If any licensee shall permit any person who is a
> legally qualified candidate for any public office to
> use a broadcasting station, he shall afford equal
> opportunities to all other such candidates for that
> office in the use of such broadcasting station . . . .
> Appearance by a legally qualified candidate on any –
>     (1) bona fide newscast
>     (2) bona fide news interview
>     (3) bona fide news documentary . . . or
>     (4) on-the-spot coverage of bona fide news events
>     (including but not limited to political
>     conventions and activities incidental thereto),
> shall not be deemed to be use of a broadcasting
> station within the meaning of this subsection. . . .

Id.

Section 315(a) provides no private right of action to enforce the "equal opportunity" provision.  See Forbes v. Ark. Educ. Television Commc'n Network Found., 22 F.3d 1423, 1427 (8th Cir. 1994).  Levinson's remedy for a broadcaster's failure to comply with section 315(a) is to file a claim with the FCC; he must exhaust his administrative remedies there before filing an action in court.  See id.  Levinson has not demonstrated that he has exhausted his administrative remedies as to the relevant requests.  For that reason, this court should dismiss Levinson's claims based on section 315(a).

   B.   FCC

Levinson has named the FCC, a federal agency, as a defendant, but has failed to assert any factual allegations giving rise to any plausible claim for relief as to the FCC. Levinson's assertions regarding the FCC relate to litigation and administrative proceedings between Levinson and the FCC that occurred more than six years before Levinson filed this action. If Levinson's allegations were construed as asserting a claim against the FCC, Levinson has established, at best, a time-barred claim.  See 28 U.S.C. § 2401(a) (civil actions against United States are subject to general six year limitations period); Narrangansett Elec. Co. v. EPA, 407 F.3d 1, 5 (1st Cir.

2005) (six year statute of limitations applies to claims filed against federal agencies under Administrative Procedures Act). Accordingly, the court should dismiss the FCC, and any claims asserted against that agency, from this action.

## Conclusion

For the foregoing reasons, the court should dismiss the complaint in this action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) ("'only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal'" (citation omitted)).

_____
Landya McCafferty
United States Magistrate Judge

March 6, 2012

cc:  Michael Stephen Levinson, pro se

LBM:nmd